**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENISE MURRAY, individually,
and On behalf of all others
Similarly situated,

          Plaintiff.

v.

      CASE NO.: *6:15CV634-ORL-18TBS*

WYNDHAM WORLDWIDE OPERATIONS,
INC., and WYNDHAM VACATION
OWNERSHIP, INC.,

          Defendants.

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff, DENISE MURRAY, brings this collective action on behalf of herself, and other similarly situated employees, against Defendants, WYNDHAM WORLDWIDE OPERATIONS, INC. and WYNDHAM VACATION OWNERSHIP, INC. (collectively "Defendants"), for retaliation and unpaid overtime compensation and other relief pursuant to the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. §201 *et. seq.*

### JURISDICTION

1.     This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a Federal Statute, *29 U.S.C. § 216 (b).*

2.     This Court has personal jurisdiction over this action because Defendants transacts business in Orange County, Florida and the damages at issue occurred in Orange County, Florida.

3.     The venue of this Court over this controversy is proper based on the claims arising in Orange County, Florida.

## PARTIES

4.     At all times material hereto, Plaintiff, DENISE MURRAY, was an employee of Defendants and performed non-exempt duties as a timeshare and vacation package salesperson on behalf of the Defendants.

5.     Defendants are in the business of selling and soliciting time share properties and vacation packages in the State of Florida and throughout the United States.

6.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

7.     At all times material hereto, Defendants managed, owned and/or operated a business for profit, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendants were Plaintiff's employer as such term is defined by the Act, 29 U.S.C. §201 *et seq*.

8.     Defendants,   WYNDHAM   WORLDWIDE   OPERATIONS,   INC.   and WYNDHAM VACATION OWNERSHIP, INC., are joint employers of Plaintiff, and similarly situated employees, as WYNDHAM VACATION OWNERSHIP, INC. is a wholly owned subsidiary of WYNDHAM WORLDWIDE OPERATIONS, INC. which has a direct role in controlling the plaintiff's conditions of employment and in determining her rate or method of payment.

9.      At all material times during the last three years, Defendants have operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.     At all material times during the last three years, Defendants have had annual gross volume of sales made or business done of not less than $500,000.00.

11.     Alternatively, the Plaintiff, and similarly situated employees, worked in interstate commerce so as to fall within the protections of the Act.

12.     The records, if any, concerning the number of hours worked by Plaintiff, and all other similarly situated employees, are in the possession and custody of Defendants.

13.     The records, if any, concerning the compensation actually paid to Plaintiff, and all other similarly situated employees, are in the possession and custody of Defendants.

14.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt salespersons who have worked in excess of forty (40) hours during one or more work weeks on or after April of 2012, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks, and/or did not receive compensation equal to or above the applicable minimum wage for one or more weeks of work during the material time period.

15.     Plaintiff has retained the law firm of FELDMAN LAW GROUP, P.A. to represent her and has incurred attorneys' fees and costs in bringing this action.

16.     Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## CLASS DEFINITIONS

17.     Plaintiff brings his claim on behalf of the Collective Class of Salespersons defined as:

> All Salespeople, or employees performing similar work regardless of their job titles, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

18.     This collective action arises from an ongoing wrongful scheme by Defendants to willfully fail to pay its employees overtime compensation for all hours worked in excess of forty (40) in a workweek in violation of the FLSA.

19.     Plaintiff, DENISE MURRAY, believes that she can adequately represent the Collective Class of Salespeople and consents to doing so.

20.     Plaintiff, DENISE MURRAY, is a proper Class representatives as she has been employed by Defendants as a Salesperson at Defendants' offices located at 8403 Southpark Circle, STE 650, Orlando, Florida 32819 since 2011.

21.     Plaintiff alleges for herself, and on behalf of the collective class members who elect to opt-in to this action, that she is entitled to unpaid overtime compensation from Defendants at a rate of time and one-half of his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by law.

## GENERAL ALLEGATIONS

22.     Upon information and belief, all "Salespeople" positions for Defendants are uniform and are mirror images of each other.

23.     Defendants' practices and policies of failing to pay overtime compensation for all hours worked in excess of forty (40) in a workweek is applied equally to all Salespeople as they

all work under the same pay policies and procedures as dictated and implemented by the Defendants.

24.     The overtime wage provisions set forth in FLSA §207 apply to Defendants as they engage in commerce under the definition of the FLSA.

25.     The position of "Salesperson" is not a position that falls within any of the exemptions within the FLSA §213.

26.     Plaintiff and other similarly situated employees are currently or have previously been covered under the FLSA §207.

27.     Pursuant to FLSA §207, Defendants, as the employers of Plaintiff, and other similarly situated employees, were and are required to pay one and one-half times each employees' hourly rate for all hours worked in excess of forty (40) hours per week.

**Plaintiff, Denise Murray**

28.     In or about 2011, Plaintiff began working for Defendants as a salesperson selling vacation packages over the telephone from Defendants' offices located at 8403 Southpark Circle, STE 650, Orlando, Florida 32819.

29.     During her employment as a salesperson for Defendants she has worked an average between 40 and 60 hours per week.

30.     As a salesperson, Plaintiff is compensated on a commission basis and receives draws that are deducted from the amount of commissions earned.

31.     In or about 2012 Plaintiff, as well as similarly situated employees, were required to work on Saturdays in addition to their regular work schedule during the weekdays.

32.     Plaintiff's managers, Richard Salzenstein, the Director, and Vincent Golod, the Sales Manager, regularly told Plaintiff, as well as similarly situated employees, in meetings not to record more than forty (40) hours per week on their hand written time records.

33.     If Plaintiff, and those similarly situated, did record more than 40 hours per week on their time records, Mr. Salzenstein and/or Mr. Golod, edited the Plaintiff's, as well as similarly situated employees', time records in the Defendants' computer system to reflect that they worked no more than 40 hours per week.

34.     Plaintiff, and those similarly situated, were regularly told by their supervisors to record no more than 40 hours per week on their time sheets but to continue working off the clock so that they met their required quotas.

35.     Plaintiff, as well as those similarly situated, were required to meet a monthly sales and bonus quota and, if they failed to meets their quotas, they risked being terminated.

36.     Defendants were aware that Plaintiff, as well as those similarly situated, were working more than 40 hours per week in order to meet their quotas because Defendants required them to do so.

37.     In or about July of 2013 Defendants terminated Richard Salzenstein and Vincent Golod's employment and replaced them with a new Director, Tim Gesner, and a new Sales Manager, Mike Nolan.

38.     In or about April of 2013, a lawsuit was filed by a former employee of Defendants, Darren Koch, in the United States District Court in the Middle District of Florida for violations of the Fair Labor Standards Act.

39.     In the summer of 2014 Plaintiff was called into a meeting with Amy and Lizette Dela Cruz who were employees in Defendants' Human Resources Department.

40.     Amy and Ms. Dela Cruz asked Plaintiff whether she was contacted about joining any lawsuits that were brought against the Defendants.

41.     Plaintiff told Amy and Ms. Dela Cruz that she was contacted regarding a lawsuit against Defendants and told Amy and Ms. Dela Cruz that her managers were manipulating her, as well as the other salespersons', time records so as not to reflect that they worked more than 40 hours in a workweek.

42.     The following day, Mr. Tim Gesner, scolded Plaintiff for informing Amy and Ms. Dela Cruz about the Defendants' illegal pay practices and, since that day, began disciplining Plaintiff, in the form of written warnings, in order to find reasons to terminate Plaintiff, or force her to quit, for complaining about Defendants' illegal pay practices.

43.     Mr. Mike Nolan regularly told Plaintiff, and those similarly situated, that he would "fix" their time records to reflect that they worked less than 40 hours per week and to reflect that they took a thirty (30) minute lunch break each working day.

44.     Plaintiff, as well as those similarly situated, regularly worked through their lunch breaks but were required to punch out for thirty (30) minutes each day regardless of whether they worked through their lunch breaks.

45.     Defendants regularly required Plaintiff, as well as those similarly situated, to sign "missed punch" timesheets, under the threat of termination, indicating that they worked less hours that they actually worked in order to be able point the finger at Plaintiff, and those similarly situated, in the event that they ever questioned whether they were being properly compensated for all the hours that they worked.

46.    Defendants' deliberate and manipulative acts of altering its timekeeping system and requiring Plaintiff and similarly situated employees to work off-the-clock are willful violations of the FLSA.

47.    Defendants' unlawful practices included instructing its timeshare salespersons that overtime would not be paid even though Defendants required Plaintiff, and those similarly situated, to work more than 40 hours per week.

48.    Due to Defendants' deliberate manipulative acts of altering its timekeeping system and requiring off-the-clock work, Plaintiff, and similarly situated employees, have not been paid at a rate of time and one-half their regular rate of pay for all hours worked over 40 in a workweek.

49.    Defendants' actions involve a company-wide unlawful pay policy with the uniform result that Plaintiff, and all similarly situated employees, are denied their proper compensation.

50.    Defendants have been previously sued for similar FLSA violations yet have failed to modify their unlawful pay practices.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

51.    Plaintiff brings this action as a collective action pursuant to the Fair Labor Standards Act § 216(b), on behalf of herself and a class of persons consisting of:

> All Salespeople, or employees performing similar work regardless of their job titles, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

52.    The claims of the Representative Plaintiff are typical of the claims of the Collective Class.

53.    The number of potential Collective Class members is so numerous that a joinder

of all members is impractical although the precise number of class individuals is presently in the sole possession of Defendants.

54.     Upon information and belief, Plaintiff believes the Collective Class comprises of more than 100 current and former Salespeople who worked for Defendants within the past three years preceding the filing of this lawsuit.

55.     Plaintiff will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiff has retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiff and the Class members.

56.     Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a)   whether Defendants failed to pay their Salespeople for all hours worked including overtime compensation for hours worked in excess of forty (40) in a workweek;

b)   whether Defendants' policy of failing to pay its Salespeople for all hours worked including overtime compensation has been instituted willfully or with reckless disregard of the law; and

c)   the nature and extent of class-wide injury and the measure of damages for those injuries.

57.     Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following:  the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only

worked for the Defendants for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

58.    Defendants have willfully failed to pay their Salespeople for all hours worked, including all overtime wages, for the purpose of minimizing payroll and increasing profitability.

59.    Although Defendants were aware that Plaintiff, and the putative class members, were working upwards of sixty (60) hours per week they failed to compensate them for all of those hours. Rather, Defendants required the Plaintiff, and those similarly situated, to record only a portion of their time worked even though Defendants knew that Plaintiff, and those similarly situated, were working hours beyond those they were permitted to record.

60.    Defendants received the benefits of the Plaintiff's, and the putative class members', labor without compensating them for the labor.

61.    Defendants are liable under the FLSA for failing to compensate their Salespeople for all hours worked and notice should be sent to past and current employees of Defendants. It is estimated that there are over one hundred current or past similarly situated Salespeople who were employed by Defendants and were not paid for all the hours that they worked because they were only permitted to record a portion of all of the hours that they actually worked or those hours were manipulated to reflect that they worked less hours than they actually worked. These similarly situated employees would benefit from the issuance of court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to Defendants, are readily

identifiable, and can be located only through Defendants' records.

62.    Upon information and belief, this policy is a corporate decision and is applied uniformly to all other similarly situated employees.

63.    Defendants willfully violated FLSA §207 by failing to pay Plaintiff and others similarly situated for all hours worked, including all overtime compensation for all hours worked in excess of forty (40) per week.

## COUNT I
### Failure to Pay Overtime Compensation in Violation of the FLSA
### 29 U.S.C. § 201, *et seq.*

64.    Plaintiff alleges and incorporates by reference paragraphs four (4) through sixty-three (63) of this Complaint and fully restates and re-alleges all facts and claims herein.

65.    The Defendants' conduct in failing to pay Plaintiff, and similarly situated employees, overtime compensation for any and all hours worked in excess of forty (40) during any given week as set forth above, violates the FLSA, 29 U.S.C § 201, *et seq.*, and particularly §§ 206 and 216.

66.    The Defendants have violated the law by failing to pay Plaintiff, and those similarly situated, one and one half times their regular rate of pay for every hour worked in excess of forty (40) during any given week.

67.    Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay their Salespeople overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. § 207.

68.    The widespread nature of Defendants' failure to pay overtime under the FLSA is

demonstrative of their willful plan and scheme to avoid paying overtime to their Salespeople.

69.    As a result of Defendants' unlawful acts, Plaintiff, and similarly situated employees, have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217.*

70.    Defendants have not made a good faith effort to comply with the overtime compensation requirements of the FLSA with respect to Plaintiff and the Collective Class, comprised of all other employees similarly situated.

**WHEREFORE**, Plaintiff, DENISE MURRAY, individually, and on behalf of the Collective Class of Salespeople, requests the following relief:

a.    An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to join pursuant to § 216(b) and that notice be sent to all past and present Salespeople employed by the Defendants within the three years preceding the filing of this action;

b)    That the Court find Defendants in violation of the overtime compensation provisions of the FLSA;

c)    That the Court find that the Defendants' violation of the FLSA is willful;

d)    Payment of unpaid overtime wages calculated at the rate of one and one-half times the applicable regular rate of pay for every hour worked in excess of forty during any given week during the three year period immediately preceding the filing of this suit;

e)    An equal amount of all the damages in the form of liquidated damages as

allowed under the FLSA;

     f)      Prejudgment interest;

     g)      Reasonable attorney's fees, costs, and expenses of this action as provided by 29

U.S.C. § 216(b); and

     h)      Any such legal and equitable relief that this Court may deem appropriate.

## COUNT II
### Violation of Anti-Retaliation Provision of 29 U.S.C. § 215(a)(3)
### (On Behalf of Plaintiff, Denise Murray)

71.     Plaintiff alleges and incorporates by reference paragraphs four (4) through sixty-three (63) of this Complaint and fully restates and re-alleges all facts and claims herein.

72.     Pursuant to the FLSA, Section 215(a)(3) states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

73.     The penalties for an FLSA retaliation action, unlike most other FLSA claims, can include compensatory and punitive damages.  As the Seventh Circuit said in *Travis v. Gary Community Mental Health Ctr., Inc.*: "any employer who violates the provisions of §15(a)(3) of the Fair Labor Standards Act, 29 U.S.C.S. § 215(a)(3), shall be liable for such legal and equitable relief as may be appropriate to effectuate the purposes of §15(a)(3), including without limitation employment, reinstatement, or promotion and the payments of wages lost and an additional equal

amount as liquidated damages. Pub. L. 95-151, 91 Stat. 1252 (1977). This amendment authorizes "legal" relief, a term commonly understood to include compensatory and punitive damages." 921 F.2d 108, 111 (7th Cir. Ind. 1990).

74.     As a direct result of Plaintiff's complaints about Defendants' violations of the FLSA Plaintiff was subjected to retaliation in the form of fabricated and/or unwarranted disciplinary actions in an effort to force Plaintiff to quit and/or find reasons to terminate her employment with Defendants.

75.     The unlawful employment practices complained of herein and the actions of the Defendants were wanton, willful, intentional, and malicious or with reckless indifference to Plaintiff's rights and/or well-being.

76.     As a direct, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

**WHEREFORE,** Plaintiff, DENISE MURRAY, individually, requests the following relief:

a)      Award Plaintiff compensatory damages for humiliation, pain and suffering, mental anguish;

b)      Award Plaintiff punitive damages;

c)      Award Plaintiff prejudgment interest;

d)      Award Plaintiff liquidated damages; and

e)      Award Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 14th day of April, 2015.

Respectfully submitted by,

/s/ Dennis A. Creed, III,
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Joseph Odato, Esq.
Florida Bar No. 0086201
Feldman Law Group, P.A.
1715 North Westshore Boulevard, Suite 400
Tampa, Florida 33607
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: dcreed@ffmlawgroup.com
Email: jodato@ffmlawgroup.com
Attorneys for Plaintiff and the Collective Class