UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENISE MURRAY,

    Plaintiff,

v.                                                     Case No:   6:15-cv-634-Orl-41TBS

WYNDHAM VACATION OWNERSHIP,
INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 35). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. I have examined the motion and the parties' settlement agreement (Doc. 35-1), and for the reasons set forth herein, I respectfully recommend that the motion be **GRANTED**.

### I. Background

On April 21, 2015, Plaintiff Denise Murray sued her former employers Wyndham Worldwide Operations, Inc. ("WWO") and Wyndham Vacation Ownership, Inc. ("WVO") (collectively "Defendants") for unpaid overtime compensation and retaliation under the FLSA (Doc. 1). She alleges that she was an hourly paid salesperson, and that Defendants failed to pay her overtime wages for all hours worked in excess of 40 in a workweek (Doc. 1 ¶¶ 22-24). Defendants admit that Plaintiff was employed by WVO as a sales representative, but deny her allegations concerning overtime compensation (Id. at ¶ 20; Doc. 35 at 6). The parties stipulated to the dismissal of WWO (Doc. 29), and on November 24, 2015, the Court dismissed WWO without prejudice (Doc. 30). On March

9, 2016, Plaintiff and WVO informed the Court that they had reached an agreement to resolve this dispute (Doc. 33).[1]

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc., 679 F.2d at 1353.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.  If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."  Id. at 1354.  In determining whether a settlement is fair and reasonable, the Court considers the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

---

[1] Plaintiff brings this suit on behalf of herself and "[a]ll Salespeople, or employees performing similar work regardless of their job titles, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b)." (Doc. 1 ¶ 51). To date, no other individuals have joined this lawsuit.

Hamilton v. Frito-Lay, Inc., No. 6:05CV-592ORL-22JGG, 2007 WL 219981, at *2 (M.D. Fla. Jan. 26, 2007).   There is a "'strong presumption' in favor of finding a settlement fair." Id. (quoting Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

WVO has agreed to pay, and Plaintiff has agreed to accept, a total of $16,482.50, to be disbursed as follows: $3,750.00 representing unpaid overtime wages, $3,750.00 representing liquidated damages, and $8,982.50 for Plaintiff's attorney's fees and costs (Doc. 35 ¶ 3; Doc. 35-1 at 3).   Although the parties continue to disagree over the merits of Plaintiff's claim, they have determined that their interests are better served through an early resolution of this controversy, given the "complexity, expense, and length of future litigation[.]"   (Doc. 35 at 6).

The settlement agreement does not contain any confidentiality or non-disparagement provisions, and the release Plaintiff is giving is restricted to her FLSA claims (Doc. 35-1, ¶ 3).   The parties are represented by counsel and I see no badges of fraud or collusion in this case.   These factors lead me to conclude that the settlement is reasonable.

### III. Attorneys' Fees

As part of the settlement, Plaintiff's attorney will receive $8,982.50 in fees and costs (Doc. 35 at 2; Doc. 35-1 at 3, ¶ 4).   The parties represent that this sum was negotiated separately and without regard to the amount paid to Plaintiff under the settlement agreement (Doc. 35 at 2) (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of the fee being paid to her attorney.   See Bonetti, 715 F. Supp. 2d 1222; see also Freeborn v. Guardian Fueling Tech., Inc., No. 6:15-cv-43-Orl-41GJK, 2015 WL 3632322, at *3-4 (M.D. Fla. June 10, 2015).

### IV. Recommendation

Upon consideration of the foregoing, I find the parties' settlement agreement to be a fair and reasonable resolution of a bona fide dispute and respectfully recommend that: (1) the parties' Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 35) be **GRANTED**; (2) the parties' settlement agreement (Doc. 35-1) be **APPROVED**; and (3) that this case be **DISMISSED WITH PREJUDICE.**

### V. Notice to Parties

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 28, 2016.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    The Presiding District Judge
    Counsel of Record